8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles K. HARRISON, Plaintiff-Appellant,
v.
CITY OF APACHE JUNCTION, et al., Defendants-Appellees.
 No. 92-15464.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 21, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles K. Harrison appeals pro se the district court's summary judgment in favor of the City of Apache Junction in Harrison's 42 U.S.C. § 1983 action alleging that the City arrested him for domestic violence without probable cause. The district court found that the City had probable cause to arrest Harrison. We review the grant of summary judgment de novo, Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992), and we affirm.
 
 
 3
 The fourth amendment permits police to arrest an individual without a warrant only upon probable cause. Barlow v. Ground, I.D., 943 F.2d 1132, 1135 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 2995 (1992). Probable cause to arrest exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that the individual had committed a crime. Id.
 
 
 4
 Here, Harrison's wife stated in her deposition that the police came to the Harrisons' home after she called 911 during a confrontation between Harrison and his son. While the police were at their home, she signed a statement in which she stated that Harrison pushed her and slapped her. The defendant police officers thereafter arrested Harrison for domestic assault. Although Harrison asserts that a police officer forced and coerced his wife to make the statement that he struck her, the record does not support a finding of either force or coercion. Because a prudent person would have concluded from Harrison's wife's signed statement that there was "a fair probability that appellant had committed a crime," Barlow, 943 F.2d at 1135, the district court properly found that Harrison's arrest was supported by probable cause.
 
 
 5
 Harrison challenges the district court's alternative holding that his failure to respond to the City's motion to dismiss or for summary judgment constituted his consent to the motion. Because we affirm the district court's finding that probable cause existed to arrest Harrison, we need not address the court's alternative holding. See In re Apple Computer Securities Litigation, 886 F.2d 1109, 1112 (9th Cir.1989), cert. denied, 496 U.S. 943 (1990).[1]
 
 
 6
 The City's request for attorneys' fees is denied.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Harrison also argues that the City defaulted by failing to file a timely answer to his complaint. Because Harrison did not raise this issue before the district court and because there are no exceptional circumstances warranting review of this contention for the first time on appeal, we decline to address it. See United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985)